**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTER DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Oie Za Moon | ) Case No.  17-15330 |
| | ) Chapter 7 |
| Debtor, | ) Judge A. Benjamin Goldgar |
| _____ | ) |
| Kum Ye McClelland, Kung Lim Zyung and | ) |
| Jung Soon Lee | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Adversary No. _____ |
| | ) |
| Oie Za Moon | ) |
| | ) |
| Defendant, | ) |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY**
**AND OBJECTING DISCHARGE OF DEBTOR**
**PURSUANT TO SECTIONS 523 AND 727 OF BANKRUPTCY CODE**

Plaintiffs Kum Ye McClelland, Kung Lim Zyung and Jung Soon Lee ("Plaintiffs") by and

through their attorney, Ryan Kim of Inseed Law, P.C. and complains of Oie Za Moon ("Moon,"

"Debtor" or "Defendant") by alleging as follows:

**NATURE OF THE ACTION**

1. This is an adversary proceeding by Plaintiffs against Defendant to object discharge of

    Defendant's debts.

**JURISDICTION AND VENUE**

2. On May 17, 2017 the Debtor filed a voluntary petition (the "Petition") for relief under

    chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United

    States Bankruptcy Court for the Northern District of Illinois.

3. On July 13, 2017 the Debtor's duly-noticed meeting of creditors was held.

4. As of the date of this Complaint the Debtor has not been granted a discharge.

5. This Complaint is timely because the date by which a Complaint objecting to the Debtor's discharge or to determine dis-chargeability of a debt expires on August 16, 2017.

6. This is an adversary proceeding in which the Plaintiffs-creditors are seeking a determination as to the dischargeability of the debt owed by the Debtor to Plaintiffs under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(4), 523(a)(6) and to object to discharge under Bankruptcy Code §§ 727 (a)(2) through (7).

7. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code §§ 523 and 11 U.S.C. §727(a)(2) through (7).

## PARTIES

8. Plaintiffs are former employees of Defendant and judgment creditors of defendant-Debtor.

9. Defendant is the Debtor in the above-captioned case and at all relevant times have resided in the state of Illinois.

## COZY WORLD RESTAURANT

10. Defendant Oie Za Moon and her on paper "ex-husband" Chang Hyun Moon started their restaurant called Cozy Restaurant on December 10, 2014.

11. They opened a restaurant at 9224 N. Waukegan Ave, Morton Grove and hired plaintiffs as their employees from April 14 until August 6, 2016.

12. All plaintiffs are female and Plaintiff Kum Ye McClelland was 65 years old, Kung Lim Zyung was 61 years old and Jung Soon Lee was 73 years old when they worked for Defendant.

13. During Plaintiffs' employment, they worked more than 40 hours per a week, and
    Defendant did not pay them all hours they worked. Defendant also did not pay plaintiffs
    one and half times of overtime wage and Illinois minimum wage $8.25.

14. Defendant paid Plaintiffs with her personal and business checks but most of them were
    dishonored.

15. Plaintiffs filed a lawsuit against Cozy World, Inc., Chang Hyun Moon and Oie Za Moon
    under the Fair Labor Standard Act in the Northern District Court of Illinois, Eastern
    Division to collect their unpaid wage.

16. Defendant Oie Za Moon retained an attorney and alleged that she was not a proper party
    to the case having no connection to the Plaintiffs as well as his ex-husband Chang Hyun
    Moon and Cozy World, Inc. because she divorced from Chang Hyun Moon on February
    18, 2015 which was before the time period that any of the Plaintiffs were employed at
    Cozy World Restaurant.

17. Plaintiffs issued discovery requests to Defendant Oie Za Moon and deposed her to
    determine the relationship between Defendant and Cozy World, Inc. and Chang Hyun
    Moon.

18. Plaintiffs found out that Oie Za Moon's divorce from her ex-husband was likely a fraud
    because while Oie Za Moon divorced Chang Hyun Moon on February 18, 2015, they still
    lived together in the same house and both names were still on their house deed together.
    Also, they were still using a joint bank account at the Chase Bank. Further, plaintiffs
    testified that Mr. and Mrs. Moon held themselves as a married couple to others.

19. A Judgment for $54,609.55 was entered against Cozy World, Inc., Chang Hyun Moon

    and Oie Za Moon at April 27, 2017 and Defendants are jointly and severally liable. See

    Exhibit A.

20. The Judgment was registered in the Circuit Court of Cook County under case number 17-

    M1-500493.

21. Plaintiffs filed the citation to discover assets to a third party to Defendant's bank

    JPMorgan Chase and Defendant's employer Advocate Health Care on April 27, 2017

22. On May 17, 2017, Defendant Oie Za Moon filed a voluntary petition for relief under

    Chapter 7 of the Bankruptcy Code.

23. A Judgment entered against Cozy World, Inc., Chang Hyun Moon and Oie Za Moon was

    never satisfied.

**COUNT I**
**Non-Dischargeability of Plaintiffs' Judgment Under**
**Section 523(a)(2)(A) of the Bankruptcy Code**

24. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 30 of this

    Complaint as if set forth at length herein.

25. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

    (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not

    discharge an individual debtor from any debt--

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the

    extent obtained by --

    (A) false pretenses, a false representation or actual fraud, other than a statement

    respecting the debtor's or an insider's financial condition . . . .

26. All or part of the debt owed to plaintiff, as evidenced by the Judgment entered against the

Debtor, is non-dischargeable as it is a debt for money, property, services, or an extension,

renewal, or refinancing of credit, that was obtained by false pretenses, a false

representation, or actual fraud within the meaning of Bankruptcy Code § § 523(a)(2)(A).

COUNT II -- NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER
SECTION 523(a)(4) OF THE BANKRUPTCY CODE

27. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 26 of this

Complaint as if set forth at length herein.

28. Bankruptcy Code § 523(a)(4) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not

discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . .

29. All or part of the debt owed to plaintiff, as evidenced by the Judgment entered against the

Debtor, is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary

capacity, embezzlement, or larceny within the meaning of Bankruptcy Code § 523(a)(6).

COUNT III -- NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER
SECTION 523(a)(6) OF THE BANKRUPTCY CODE

30. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 65 of this

Complaint as if set forth at length herein.

31. Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

(b) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not

discharge an individual debtor from any debt—

(6) or willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

32. All or part of the debt owed to plaintiff, as evidenced by the Judgment entered against the Debtor, is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

COUNT IV -- OBJECTION TO DEBTOR'S DISCHARGE UNDER
SECTION 727(a)(3) OF THE BANKRUPTCY CODE

32. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 31 of this Complaint as if set forth at length herein.

33. Bankruptcy Code § § 727(a)(3) provides that:

(a) The court shall grant the debtor a discharge, unless

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

34. The Debtor, in her operation of her business operated the business as her alter egos, seeking to shield herself from personal liability while at the same time using funds of the business for personal purposes.

The Debtor, in her operation of her business, concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained.

6

35. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code §

727(a)(3).

WHEREFORE, Plaintiffs respectfully request that this Court enter a Judgment

determining that the debt reflected in the Judgment entered in favor of Plaintiffs against the

Debtor on April 27, 2017, is non-dischargeable under Bankruptcy Code § § 523(a)(2)(A),

523(a)(4), and 523(a)6) and granting Plaintiffs such other and further relief as this Court may

deem just and proper.


Plaintiffs Kum Ye McClelland, Kung Lim Zyung,
and Jung Soon Lee

 /s/ Ryan Kim
        Ryan J. Kim

 INSEED LAW, P.C.
 2454 E Dempster St Suite 301
 Des Plaines, IL 60016
 Attorney for Plaintiffs