# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTER DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Oie Za Moon ) | Case No. 17-15330 |
| ) | Chapter 7 |
| Debtor, ) | Judge A. Benjamin Goldgar |
| _____ ) | |
| Kum Ye McClelland, Kung Lim Zyung and ) | |
| Jung Soon Lee ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Adversary No. 17-00428 |
| ) | |
| Oie Za Moon ) | |
| ) | |
| Defendant, ) | |

## SECOND AMEDNDED COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING DISCHARGE OF DEBTOR PURSUANT TO SECTIONS 523 AND 727 OF BANKRUPTCY CODE

Plaintiffs Kum Ye McClelland, Kung Lim Zyung and Jung Soon Lee ("Plaintiffs") by and through their attorney, Ryan Kim of Inseed Law, P.C. and complains of Oie Za Moon ("Moon," "Debtor" or "Defendant") by alleging as follows:

### NATURE OF THE ACTION

1. This is an adversary proceeding by Plaintiffs against Defendant to object discharge of Defendant's debts.

### JURISDICTION AND VENUE

2. On May 17, 2017 the Debtor filed for her *third* voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois.

1

3. On July 13, 2017 the Debtor's duly-noticed meeting of creditors was held.

4. As of the date of this Complaint the Debtor has not been granted a discharge.

5. This Complaint is timely because the date by which a Complaint objecting to the Debtor's discharge or to determine dis-chargeability of a debt expires on August 16, 2017.

6. This is an adversary proceeding in which the Plaintiffs-creditors are seeking a determination as to the dischargeability of the debt owed by the Debtor to Plaintiffs under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(4), 523(a)(6) and to object to discharge under Bankruptcy Code §§ 727 (a)(2) through (7).

7. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code §§ 523 and 11 U.S.C. §727(a)(2) through (7).

## PARTIES

8. Plaintiffs are former employees and judgment creditors of defendant-Debtor.

9. Defendant is the Debtor in the above-captioned case and at all relevant times have resided in the state of Illinois.

10. Defendant Oie Za Moon and her on paper "ex-husband" Chang Hyun Moon started their restaurant called Cozy Restaurant on December 10, 2014.

11. They opened a restaurant at 9224 N. Waukegan Ave, Morton Grove and hired plaintiffs as their employees from April 14 until August 6, 2016.

12. All plaintiffs are female and Plaintiff Kum Ye McClelland was 65 years old, Kung Lim Zyung was 61 years old and Jung Soon Lee was 73 years old when they worked for Defendant.

13. During Plaintiffs' employment, they worked more than 40 hours per a week, and Defendant did not pay them all hours they worked. Defendant also did not pay plaintiffs one and half times of overtime wage and Illinois minimum wage of $8.25.

14. Defendant paid Plaintiffs with her personal and business checks but most of them were dishonored.

15. Plaintiffs filed a lawsuit against Cozy World, Inc., Chang Hyun Moon and Oie Za Moon under the Fair Labor Standard Act in the Northern District Court of Illinois, Eastern Division to collect their unpaid wage.

16. Defendant Oie Za Moon retained an attorney and alleged that she was not a proper party to the case having no connection to the Plaintiffs as well as his ex-husband Chang Hyun Moon and Cozy World, Inc. because she divorced from Chang Hyun Moon on February 18, 2015 which was before the time period that any of the Plaintiffs were employed at Cozy World Restaurant.

17. Plaintiffs issued discovery requests to Defendant Oie Za Moon and deposed her to determine the relationship between Defendant and Cozy World, Inc. and Chang Hyun Moon.

18. Plaintiffs found out that Oie Za Moon's divorce from her ex-husband was likely a fraud because while Oie Za Moon divorced Chang Hyun Moon on February 18, 2015, they still held themselves out to others as a married couple even after their divorce. Further, they continued to live together in the same house they were living before their divorce and both of their names were still on their house deed. They also continued to use a joint bank account at the Chase Bank even several years after their divorce. Defendant Oie Za Moon also lied under oath during her deposition that she lived alone at her house only to later

admit that Mr. Moon also live in the same house and he had never moved out of their house after their divorce.

19. A Judgment for $54,609.55 was entered against Cozy World, Inc., Chang Hyun Moon and Oie Za Moon at April 27, 2017 and Defendants are jointly and severally liable. See Exhibit A.

20. The Judgment was registered in the Circuit Court of Cook County under case number 17-M1-500493.

21. Plaintiffs filed the citation to discover assets to a third party to Defendant's bank JPMorgan Chase and Defendant's employer Advocate Health Care on April 27, 2017

22. On May 17, 2017, Defendant Oie Za Moon filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

23. A Judgment entered against Cozy World, Inc., Chang Hyun Moon and Oie Za Moon was never satisfied.

### COUNT I
### Non-Dischargeability of Plaintiffs' Judgment Under
### Section 523(a)(2)(A) of the Bankruptcy Code

24. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 23 of this Complaint as if set forth at length herein.

25. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt--

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by --

4

(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

26. The debtor Mrs. Moon maintained a joint checking account with her on-paper "ex-husband" Mr. Moon even after her "divorce" from him. The creditors, all female immigrants from Korea in their 60s and 70s who were providing manual labor for minimum wage, were issued pay checks from Mr. and Mrs. Moon's joint checking account. Those checks were dishonored for insufficient funds. As joint owner of the checking account, Mrs. Moon knew that there was not enough funds available to cover the checks written to pay wages of the creditors. Despite this knowledge, the debtor pretended that she would pay the creditors and continued to employ them.

27. Debtor also frequently visited Cozy Restaurant and knew the creditors as she saw them working at the restaurant. Whenever the debtor visited the restaurant, she would come to the kitchen area and helped with bringing food to customers' table and wipe off tables. She also invited several members of the church she attended to her restaurant and made the creditors cook food for the members as well as for the debtor. When creditors provided their labor, it was explicit promise that the debtor, her husband and the restaurant would pay the creditors. Without such a promise, the creditors would not have worked at the restaurant. By bouncing multiple pay checks the debtor issued to the creditors, the debtor obtained the labor the creditors provided in false pretense.

28. As evidenced by the Judgment entered against the Debtor, the debt is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § § 523(a)(2)(A).

COUNT II -- NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(6) OF THE BANKRUPTCY CODE

30. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 65 of this Complaint as if set forth at length herein.

31. Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

(b) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) or willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

32. The debtor intended to and did cause an injury to creditors. The Debtor's actions were willful, and the Debtor's actions were malicious. The debtor was the owner of Cozy World Restaurant where all of the creditors worked as cooks. On April 30, 2016, the debtor issued pay check to creditor McClelland but it bounced. On May 25, 2016, the debtor issued pay check to creditor McClelland but it bounced. On June 15, 2016, the debtor issued pay check to creditor McClelland but it bounced. On July 14, 2016, the debtor issued pay check to creditor McClelland but it bounced. On August 20, 2016, the debtor issued pay check to creditor McClelland but it bounced. On September 20, 2016, the debtor issued pay check to creditor McClelland but it bounced. From April of 2016 to September 2016, the debtor issued six pay checks to creditor McClelland but every single pay check was bounced and not only did creditor McClelland not receive any pay for her labor, she was assessed penalties by her bank for depositing checks with insufficient funds. Additionally, the debtor issued a pay check to creditor Lee on June 24, 2016 and on August 30, 2016 but both were bounced. Lastly, the debtor issued a pay check to creditor Zyung on August 30, 2016 but it was bounced. As evidenced by the debtor's behavior, debtor's action over the course of more than five months in 2016 were clearly willful and malicious. As

6

mentioned previously, all of the creditors are elderly female workers who do not speak English fluently. The debtor took advantage of creditors' background and situation and maliciously exploited creditors' labor without paying them the wage they earned.

The debtor, in conjunction with her husband, issued checks from her personal bank account. The debtor knew that there were insufficient funds to cover for the checks written but did nothing to prevent the financial loss of the creditors. The debtor's such willful behavior is even more egregious considering the fact that the creditors are elderly employees who were providing their labor for minimum wage, wage that the debtor knowingly and intentionally failed to pay. By intentionally failing to pay the creditors repeatedly, the debtor took deliberate steps with clear intent to cause financial harm.

33. All or part of the debt owed to plaintiff, as evidenced by the Judgment entered against the Debtor, is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

## COUNT III -- OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION 727(a)(3) OF THE BANKRUPTCY CODE

32. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 31 of this Complaint as if set forth at length herein.

33. Bankruptcy Code § § 727(a)(3) provides that:

(a) The court shall grant the debtor a discharge, unless

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's

financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

34. The Debtor was required to keep the minutes of the annual shareholder meetings, meeting minutes from board of directors, stock certificates, book keeping records, payroll tax records, income and sales tax records, worker's compensation insurance records, health inspection records, and any other books, documents, records and papers from which the debtor's financial condition and/or business transactions might be ascertained. However, upon information and belief, the Debtor, in her operation of her business, concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained. Therefore, the judgment debt that the debtor is trying to discharge through this chapter 7 bankruptcy, which is her third personal bankruptcy, must not be discharged.

35. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(3).

WHEREFORE, Plaintiffs respectfully request that this Court enter a Judgment determining that the debt reflected in the Judgment entered in favor of Plaintiffs against the Debtor on April 27, 2017, is non-dischargeable under Bankruptcy Code § § 523(a)(2)(A), 523(a)(4), and 523(a)6) and granting Plaintiffs such other and further relief as this Court may deem just and proper.

Plaintiffs Kum Ye McClelland, Kung Lim Zyung, and Jung Soon Lee

  /s/ Ryan Kim
      Ryan J. Kim

INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiffs