UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| OIE ZA MOON, | ) | No. 17 B 15330 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| KUM YE McCLELLAND; KUNG LIM ZYUNG; and JUNG SOON LEE, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 17 A 428 |
| | ) | |
| OIE ZA MOON, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

## FINAL PRETRIAL ORDER

This matter is set for trial at the United States Courthouse, 219 South Dearborn Street, Room 642, Chicago, Illinois on March 15, 2019, at 9:30 a.m. *The court has bifurcated this proceeding, and trial will proceed only on the section 727 claims in the adversary complaint.* At the court's discretion, the trial will continue from day to day until completed. Unless modified by the court, the provisions of this Order will govern the course of proceedings:

**1. Continuances.** The trial date is firm. No continuance of the trial date will be granted other than for exceptionally good cause shown. Any motion for continuance must be presented, with proper notice, at least ten (10) days before the trial date.

**2. Discovery.** Discovery is closed.

**3. Pleadings and Dispositive Motions.** No party has expressed a desire to file any further pleadings or any potentially dispositive motions. No potentially dispositive motions will be entertained.

**4. Exhibits and Exhibit Lists.** Twenty-one (21) days before the trial date, each party must exchange with the other parties (a) copies of all exhibits the party intends to introduce into evidence and (b) a list of the party's exhibits. Each proposed exhibit must be clearly numbered (not designated with a letter or other symbol) in the order of its probable presentation at trial.

Each document must be given a separate exhibit number. Next to each exhibit on the exhibit list a brief description of the exhibit must be provided.

Demonstrative exhibits that the parties intend to use at trial must also be marked, included on the exhibit lists, and exchanged twenty-one (21) days before the trial date.

Each party must file its exhibit list (*but not the exhibits themselves*) with the court. A courtesy copy of the exhibit list and a courtesy set of the exhibits must be delivered to the clerk's office (Room 710) between 8:30 a.m. and 4:30 p.m. on the filing date or the next business day. *If a party lists more than ten (10) exhibits, the exhibits themselves must be submitted in one or more three-ring binders (no more than 3 inches wide), and the exhibits must be tabbed.* Group exhibits must be sequentially paginated by Bates stamp or some comparable method.

No later than fourteen (14) days after receiving the opposing party's exhibit list, a party must file and serve a list stating, as to each exhibit, whether there is an objection to the exhibit's admission. A courtesy copy of the list of objections must be delivered to the clerk's office (Room 710) between 8:30 a.m. and 4:30 p.m. on the filing date or the next business day. If there is an objection, a specific ground must be listed for the objection. Relevance objections need not be listed and are reserved for trial. Any other objection not listed is waived. Any objection as to which a specific ground is not listed is also waived.

**5. Witnesses and Witness Lists.** Twenty-one (21) days before the trial date, each party must exchange with the other parties and must file with the court a list of all witnesses the party intends to call at trial, together with a brief description of the subject matter of the witness's testimony. Each party must deliver a courtesy copy of its witness list to the clerk's office (Room 710) between 8:30 a.m. and 4:30 p.m. on the filing date or the next business day.

The list must be divided into three categories: (a) witness who *will* be called to testify; (b) witnesses who *may* be called to testify; and (c) witnesses whose testimony will be presented by deposition or other prior testimony (indicating whether the presentation will be by transcript or video).

All experts who will or may be called must be included on the witness list and must be specifically designated as "expert." A brief statement of the topic of each expert's testimony must be provided.

**6. Joint List of Stipulated Facts.** To the extent reasonably possible, the parties must stipulate to facts and documents. Twenty-one (21) days before the trial date, the parties must file with the court a joint list, signed by counsel, stating all facts and documents to which the parties have stipulated. The stipulations will be deemed admitted into evidence.

**7. Depositions.**

    **a. Transcribed depositions.** If deposition transcripts are to be read into evidence,

twenty-eight (28) days before trial the parties must file with the court and serve on all other parties a list of the depositions, designating by page and line number the portions to be read. A list of counterdesignations by page and line number, and any evidentiary objections to the initial designations, must be filed and served seven (7) days later. Evidentiary objections to the counterdesignations must be filed and served seven (7) days after that.

Complete copies of the deposition transcripts showing the designated and counterdesignated testimony (designated testimony highlighted in yellow, counterdesignated testimony highlighted in pink or some other contrasting color), along with copies of evidentiary objections to any designated or counterdesignated deposition testimony, must be submitted to chambers seven (7) days before trial.

**b. Video depositions.** No video deposition may be used at trial unless a written transcript of the deposition has also been prepared. *See* Fed. R. Civ. P. 32(c) (made applicable by Fed. R. Bankr. P. 7032).

If a party proposes to use a video deposition at trial, twenty-eight (28) days before trial the party must file with the court and serve on all other parties a list of the video depositions, designating by page and line number of the written transcript the portions to be shown at trial. A list of counterdesignations by page and line number, and any evidentiary objections, to the initial designations must be filed and served seven (7) days later. Evidentiary objections to the counterdesignations must be filed and served seven (7) days after that.

Complete copies of the written transcripts of the video depositions showing the designated and counterdesignated testimony (designated testimony highlighted in yellow, counterdesignated testimony highlighted in pink or some other contrasting color), along with copies of evidentiary objections to any designated or counterdesignated deposition testimony, must be submitted to chambers seven (7) days before trial.

The party proposing to offer video deposition testimony at trial must supply all equipment necessary to show the video testimony and must be prepared to operate the equipment at trial.

**8. Motions *in limine*.** Any motions to limit, exclude, or bar testimony of a witness, or to exclude deposition testimony, must be filed at least fourteen (14) days before the trial date. Responses are due seven (7) days thereafter. No replies are permitted.

**9. Trial Briefs.** No later than seven (7) days before the trial date, each party *must* file and serve a trial brief. The page limit is fifteen (15) pages, unless the court orders otherwise. The brief must (1) describe what the party believes the evidence at trial will show, (2) identify the salient legal issues, and (3) provide a thorough and complete legal argument, with citations to relevant legal authorities, supporting the party's contentions on the merits.

**10. Compliance with this Order**. Failure to comply with this Order *will* result in the imposition of appropriate sanctions pursuant to Rule 16(f), Fed. R. Civ. P. 16(f) (made applicable

by Fed. R. Bankr. R. Rule 7016). These include, but are not limited to, the following:

    a.    Any exhibit a party fails to list and exchange will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence. *In re Maurice*, 21 F.3d 767 (7th Cir. 1994).

    b.    Any witness a party fails to list will be barred from testifying at trial. A party who fails to exchange and file with the court the list of witnesses that this Order requires will be barred from presenting any witnesses. *In re Maurice*, 21 F.3d 767 (7th Cir. 1994).

    c.    Any legal claim, theory or argument not raised and thoroughly discussed in a party's trial brief with appropriate citations to legal authority will be deemed waived. The claim will not be considered, and no evidence relevant to it will be admitted. *SNA Nut Co. v. Haagen-Dazs Co.*, 302 F.3d 725 (7th Cir. 2002).

    d.    Failure to file a trial brief will bar a party from presenting any witnesses or introducing any evidence at trial. *In re Maurice*, 21 F.3d 767 (7th Cir. 1994).

Dated: October 17, 2018

                                                                         A. Benjamin Goldgar
                                                                         United States Bankruptcy Judge